NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2192

SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR

v.

JOHN J. KORESKO, V; JEANNE BONNEY; PENN-MONT BENEFIT SERVICES,
INC.; KORESKO & ASSOCIATES, P.C.; KORESKO LAW FIRM P.C.; COMMUNITY
TRUST COMPANY; PENN PUBLIC TRUST; REGIONAL EMPLOYERS
ASSURANCE: LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY
ASSOCIATION TRUST; SINGLE EMPLOYER WELFARE BENEFIT PLAN TRUST

> John J. Koresko, V; Penn-Mont Benefit
> Services, Inc.; Koresko & Associates, P.C.;
> Koresko Law Firm, P.C.; Regional Employers
> Assurance: Leagues Voluntary Employees'
> Beneficiary Association Trust; Single Employer
> Welfare Benefit Plan Trust,
>
> Appellants

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 2:09-cv-00988 )
District Judge:  Honorable C. Darnell Jones, II

Submitted Under Third Circuit L.A.R. 34.1(a)
February 22, 2010
Before:  SCIRICA, Chief Judge, CHAGARES, and WEIS, Circuit Judges.

Filed: April 28, 2010

1

## OPICION

WEIS, Circuit Judge.

On March 6, 2009, while her petition to enforce subpoenas *duces tecum* was pending before the District Court, the Secretary of Labor filed this suit, charging violations of ERISA, 29 U.S.C. § 1001 et seq., by defendants Koresko and Bonney, along with seven associated entities. A subset of those defendants responded with emergency motions to place the case under seal and for injunctive relief. After an immediate hearing and supplemental briefing, the District Court denied both requests, finding the defendants' arguments insufficient to justify such actions. We agree with the District Court's conclusions and will affirm.

Because we write only for the parties, we need not describe the extensive history of litigation between the Department of Labor and many of the defendants. Suffice it to say that, in this case, the self-styled "Koresko defendants" asked for injunctive relief that would have required the Secretary of Labor to not only recall a press release about the institution of this lawsuit, but also direct all recipients of the release to remove its contents from the public domain. They further sought to enjoin the Secretary from issuing any additional publications regarding this suit, except for a press release detailing the terms of the injunction, if granted. The District Court denied relief because defendants had not, at that time, filed any responsive pleadings. As a result, the Court

2

could not determine whether they were likely to succeed on the merits of their (as yet non-existent) counterclaims. See P.C. Yonkers, Inc. v. Celebrations The Party and Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005) (to obtain "extraordinary remedy" of preliminary injunction, moving party must show, inter alia, likelihood of success on merits of its claim (citation omitted)).

Among the defendants are lawyers who have been actively litigating related issues in the federal courts and who may be expected to follow the appropriate rules of practice. Although there may exist some emergency circumstances in which injunctive relief may be appropriate before a counterclaim is filed, such circumstances are not present here. We do not find that the District Court erred in requiring a responsive pleading as a prerequisite to the desired injunction. See id. (in reviewing denial of preliminary injunction, "we exercise plenary review over the district court's conclusions of law and its application of law to the facts, but review its findings of fact for clear error"). Nor was the Court wrong in declining to "read into" the defendants' motion a claim under the Administrative Procedure Act, 5 U.S.C. § 702, or any other claim, where defendants had failed to demonstrate a reasonable chance of success on these hypothetical allegations. We do not necessarily disagree with the defendants' argument that substance trumps (or should trump) form. However, the vague and speculative assertions of reputational injury set forth in the defendants' motion were well short of the level of "substance" required to obtain preliminary injunctive relief.

3

Because we conclude that the District Court acted appropriately in denying the motions, we do not reach the due process arguments raised by defendants on appeal. In addition, although defendants apparently do not challenge the denial of their motion to seal, we find that the District Court did not abuse its discretion in concluding that the defendants' nebulous and unsupported allegations of injury to reputation did not sufficiently specify the actual harm to which they claimed this lawsuit would subject them. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994) ("[t]he balancing of factors for and against access is a decision committed to the discretion of the district court . . . ." (citation omitted)).

Accordingly, the order of the District Court will be affirmed.